In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00133-CR


______________________________




CHARLIE R. TAYLOR, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 12th Judicial District Court


Walker County, Texas


Trial Court No. 20,553




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Charlie R. Taylor, a prison inmate, was indicted for assault on a correctional officer. 
He represented himself in a jury trial and was found guilty. The jury assessed his
punishment, enhanced by three prior felony convictions, at life imprisonment. Taylor, who
continues to represent himself on appeal, raises eight issues for review: 1) that the special
prosecutor in his case had no authority to prosecute him; 2) that the grand jury that
returned the indictment against him was illegally constituted; 3) that the sentencing in his
case constitutes double jeopardy; 4) that the prior convictions alleged in the indictment for
enhancement violated the statute of limitations; 5) that there were cruelties against religion,
health, and civil rights in his case; 6) that he was denied access to court and to records;
7) that he was denied a copy of the reporter's record; and 8) that there are mistakes in his
prison time sheets.

 On July 8, 1999, Taylor was an inmate at the Estelle High Security Unit of the Texas
Department of Criminal Justice. Jamie Street was employed as a correctional officer at
that facility and was carrying out her duties of distributing food to the inmates in their cells
when she was assaulted by Taylor. She testified that, while retrieving food trays from the
inmates, Taylor grabbed her arm through the food slot of his cell, and while holding her arm
inside his cell, cut her with an object she could not see and that was unknown to her. She
further testified that, as she was walking away from Taylor's cell, he threw bottles of liquid
that hit her on the leg. Street received medical treatment for the cut on her arm and
testified the cut left her with a scar. Street further testified that, at the time of this incident,
she was wearing the distinctive uniform of a correctional officer and that Taylor knew she
was an officer for the Texas Department of Criminal Justice. Street testified that she did
nothing to provoke Taylor and that he later apologized for assaulting her and told her he
attacked her because his rights were being violated. 

 Taylor first contends the special prosecutor who represented the State had no
authority to prosecute him. Taylor, however, did not voice any complaint about the special
prosecutor at the trial level. Under Tex. R. App. P. 33.1, Taylor cannot complain at the
appellate level of things he did not preserve at the trial level. His first issue is overruled.

 Taylor next contends the grand jury in his case was illegally constituted because it
did not consist of twelve persons and two alternates as required by Tex. Const. art. V, § 13
and by Tex. Code Crim. Proc. Ann. art. 19.18 (Vernon Supp. 2002). In support of his
contention, Taylor relies on the following testimony he elicited on cross-examination from
the grand jury foreman at the guilt/innocence phase of trial:

 Q How many of y'all was present at the array (sic) for this
indictment - just you by yourself?


 . . . .


 A As far as I recall, all of the grand jury . . . . 

 Q And how many of you were there?


 A Six or eight, something like that.

 Q Six or eight. That's what the State requires, six or eight?

 A As far as I know.

 Grand juries in Texas are composed of twelve persons, but only a quorum of nine
is required to transact business. Tex. Const. art. V, § 13; Tex. Code Crim. Proc. Ann.
arts. 19.26(b) (Vernon Supp. 2002), 19.40 (Vernon 1977). The testimony from the grand
jury foreman was given two years after the fact and shows the witness was less than
certain as to the exact number of grand jurors present at the time Taylor was indicted. 
Under questioning by the State on redirect examination, the foreman acknowledged he did
not "know the technicalities of the law," but stated unequivocally that a quorum was present
when the grand jury returned the indictment against Taylor. Taylor's second issue is
overruled.

 In his third issue, Taylor contends the sentencing in this case constitutes double
jeopardy. He bases this contention on a pronouncement made by the trial court at
sentencing:

 And it is the order of this court that the judgment and sentence in this
cause shall begin to run from and after the sentence that you received in
Cause No. 19,753, for aggravated assault on a correctional officer in the 3rd
District Court of Anderson County, Texas. 


 When that sentence has ceased to operate, sir, this sentence shall
begin to run; . . . . 


 Taylor argues that this pronouncement "added onto time credit of Cause No. 19753
before being release [sic] from prison."

 Tex. Code Crim. Proc. Ann. art. 42.08(b) (Vernon Supp. 2002) provides:

 If a defendant is sentenced for an offense committed while the defendant
was an inmate in the institutional division of the Texas Department of
Criminal Justice and the defendant has not completed the sentence he was
serving at the time of the offense, the judge shall order the sentence for the
subsequent offense to commence immediately on completion of the
sentence for the original offense.


 The trial court followed Section 42.08(b) when it made the pronouncement quoted
above, and Taylor has not cited any authority holding such to constitute double jeopardy. 
This issue is overruled. 

 In his fourth issue, Taylor seems to contend that prior convictions used for
enhancement purposes in an indictment are subject to the statute of limitations. In this
assertion, Taylor confuses the statute of limitations for obtaining an indictment for a
particular offense with the use of a prior felony as an enhancement for sentencing. 
Because there is no statute of limitations for the use of a prior felony for the purpose of
enhancing a sentence, there is no merit to this contention. This issue is overruled.

 Taylor next complains of being put on a punitive food loaf while in prison and asserts
this violated his religion and was detrimental to his health. However, none of these claims
relate to his guilt or innocence of the offense for which he was convicted or to errors
committed at his trial. Taylor's fifth issue is overruled.

 As his sixth issue, Taylor contends that he was denied access to the court and that
records were withheld from him. However, the record shows Taylor was present at all
hearings, and he has failed to specify under this issue what records, if any, were withheld
from him. This issue is overruled. 

 In a related but separate issue, Taylor contends he did not receive a copy of the
reporter's record in this case. During the pendency of Taylor's appeal, he complained to
this Court that he had not received a copy of the reporter's record. We abated the case
to the trial court for a determination regarding whether Taylor was in possession of a copy
of the reporter's record. In response, the court reporter provided this Court with a copy of
a letter addressed to Taylor wherein she stated she had mailed Taylor a second copy of
the reporter's record. No further complaint of this matter was made by Taylor until he
raised this issue in his supplemental brief. He apparently received the reporter's record
mailed to him, and he has failed to show how he was harmed by not having possession of
the reporter's record before receiving a copy in the mail. This issue is overruled.

 In his final issue, Taylor complains about his time sheets in prison. However, any
complaint about how Taylor's time has been credited by prison authorities must be raised
by a writ of habeas corpus pursuant to Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon
Supp. 2002). This issue is overruled.


 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: October 17, 2002

Date Decided: November 1, 2002


Do Not Publish